Hortencia **MORAN–REYES**;
et al., Petitioners,

v.

John **ASHCROFT**, Attorney
General, Respondent.

No. 02–71061.
INS Nos. A75–307–001, A75–307–077.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

## MEMORANDUM **

Hortencia Moran–Reyes and Hector Rosala–Martinez, natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA") adopting and affirming the immigration judge's ("IJ") denial of relief from removal. We have jurisdiction under 8 U.S.C. § 1252. Jimenez–Angeles v. Ashcroft, 291 F.3d 594, 599 (9th Cir.2002). We review de novo, id. at 599–600, and we deny the petition.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Petitioners contend that the IJ should have allowed them to apply for suspension of deportation because they presented themselves to the Immigration and Naturalization Service ("INS") before the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"). Because the INS commenced removal proceedings after April 1, 1997, IIRIRA's permanent rules apply, and petitioners were not eligible for suspension of deportation. See id. at 600.

Petitioners also contend that the application of IIRIRA's permanent rules was impermissibly retroactive. Petitioners' constitutional claim is foreclosed by our opinion in Jimenez–Angeles, see id. at 601–602 (finding that applicant who revealed herself to the INS one month before IIRIRA's effective date had no settled expectation that suspension of deportation would be available).

We lack jurisdiction over petitioners' claim that the INS should have immediately commenced deportation proceedings after they filed for asylum. See id. at 598–99 (citing 8 U.S.C. § 1252(g)).

PETITION DENIED.